**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL J. AGUILAR,

      Plaintiff,

      vs.                                        No. CIV 97-1481 JC/LFG

ARAMARK CORPORATION and
ARAMARK REFRESHMENT
SERVICES, INC.,

      Defendants.

**MEMORANDUM OPINION AND
ORDER DENYING MOTION TO DISMISS**

THIS MATTER came on for consideration of Defendant Aramark Corporation's Motion to Dismiss for Lack of Personal Jurisdiction, filed January 23, 1998 (Docket No. 6). The Court has reviewed the motion, the memoranda and evidence submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and will be denied.

Defendant Aramark Corporation contends that its sole contact with New Mexico is that a subsidiary of its wholly-owned subsidiary does business here. It is undisputed that Aramark Corporation is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. It is not registered to do business in the State of New Mexico. It is the parent corporation of numerous subsidiaries, one of which is Aramark Services, Inc. Aramark Services, Inc., is a Pennsylvania corporation which is not registered to do business in the State of New Mexico. It, in turn, is the parent of Defendant Aramark Refreshment Services, Inc., Plaintiff's former employer, which does business in the state.

Plaintiff does not dispute that Aramark Corporation and Aramark Services may not be officially authorized to do business in the State of New Mexico.  However, Plaintiff argues Aramark Corporation is "transacting business" in New Mexico as contemplated by the New Mexico Long Arm Statute, § 38-1-16 NMSA (1978).

A court may exercise personal jurisdiction over an out-of-state defendant if the defendant is amenable to service under the long-arm statute of the state and if the exercise of jurisdiction comports with due process.  Taylor v. Phelan, 912 F.2d 429 (10th Cir. 1990).  Plaintiff bears the burden of proving personal jurisdiction.  FDIC v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir. 1992); Jemez Agency, Inc. v. CIGNA Corp., 866 F. Supp. 1340, 1342 (D.N.M. 1994).  At the pre-trial motion stage, Plaintiff's burden is light--Plaintiff need only make a *prima facie* showing that jurisdiction exists.  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995);  Jemez Agency, Inc., 866 F. Supp. at 1342 (citing Behagen v. Amateur Basketball Ass'n., 744 F.2d 731, 733 (10th Cir. 1984)).  The Court may consider matters outside the pleadings and "accepts Plaintiff['s] allegations in the complaint as true if Defendant [does] not contest them with affidavits or other materials, and resolves all factual disputes raised by conflicting affidavits in Plaintiff['s] favor."  Id.

There are three elements to establish *in personam* jurisdiction in New Mexico over non-resident defendants.  First, the defendant must have committed one of the acts enumerated in the long-arm statute.  Second, the cause of action must arise from the acts enumerated in the statute. Third, the defendant must have "minimum contacts" with the State of New Mexico sufficient to satisfy the requirements of the Due Process Clause of the United States Constitution.  Beh v. Ostergard, 657 F. Supp. 173, 174 (D.N.M. 1987).  Before *in personam* jurisdiction can be asserted, "it is essential . . . that there be some act by which the defendant purposefully avails itself of the

-2-

privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The New Mexico Long Arm statute provides:

Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

\* \* \*

(1) the transaction of any business within this state;

NMSA § 38-1-16(A) (1987). New Mexico has extended the reach of this statute to the limits of due process. United Nuclear Corp. v. General Atomic Corp., 91 N.M. 41, 42, 570 P.2d 305, 306 (1977).

The general rule is that "judicial jurisdiction over a subsidiary corporation does not itself give a state judicial jurisdiction over the parent corporation." Restatement (Second) of Conflicts of Laws § 52 cmt. b (1971). However, a court may invoke jurisdiction over a parent corporation for the acts of its subsidiary in two situations.

> First, if the parent's control of the subsidiary goes beyond that normally exercised by a majority shareholder, and is 'so complete as to render the subsidiary an instrumentality of the parent,' Cruttenden, 97 N.M. at 434, 640 P.2d at 934, citing Edgar v. Fred Jones Lincoln Mercury, 524 F.2d 162, 166 (10th Cir. 1975), the Court may deem the subsidiary the mere 'alter ego' of the parent, and accordingly, may pierce the corporate veil. Cruttenden, 97 N.M. at 434, 640 P.2d at 934. Alternatively, if the subsidiary does an act at the direction of the parent, or in the course of the parent's business, the Court may characterize the subsidiary as the agent of the parent and thereby hold the parent answerable as a principal. Restatement (Second) of Conflict of Laws, § 562, cmt. b (1971); Allen v. Toshiba Corp., 599 F. Supp. 381, 389 (D.N.M. 1984).

Jemez Agency Inc., 866 F. Supp. at 1343.

The second exception to the general rule applies in this case. Plaintiff has established a prima facie case that Aramark Services may have acted at the direction of its parent, Aramark Corporation in terminating Plaintiff. First, during his employment, Plaintiff was provided business cards with the Aramark Corporation logo on them and received his twice monthly paychecks in envelopes with a return address which read "Aramark Corporation, P.O. Box 6909, Albuquerque, New Mexico 87197." In addition, Mr. Aguilar received disciplinary memos from his supervisor written on Aramark Corporation letterhead. Finally, David J. Tarman, Human Resources Director of Refreshment Services, responded to Mr. Aguilar's EEOC charge on Aramark Corporation letterhead.

Taken together, this evidence is sufficient to establish a *prima facie* showing that personal jurisdiction exists. Defendant Aramark Corporation purposely availed itself of the privilege of conducting activities within the forum state--i.e., "transacting business"--and led Plaintiff and his customers to believe he was representing the corporation. Aramark Refreshment Services' conduct, including disciplining Plaintiff and responding to his EEOC charges on behalf of the corporation, arises out of the transaction and subjects the corporation to the jurisdiction of the courts of New Mexico without violating due process.

Wherefore,

IT IS ORDERED that Defendant Aramark Corporation's Motion to Dismiss for Lack of Personal Jurisdiction , filed January 23, 1998 (Docket No. 6), be, and hereby is, **denied**.

DATED this 3rd day of April, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Virginia Anderman<br>Miller, Stratvert & Torgerson, P. A.<br>Albuquerque, New Mexico |
| Counsel for Defendants: | Scott D. Gordon<br>Amy E. Badger<br>Rodey, Dickason, Sloan, Akin & Robb, P. A.<br>Albuquerque, New Mexico |